ON REHEARING
The defendant Harvey W. Spizz has filed a motion for rehearing in this cause. He quite properly points out that we neglected in our original opinion to address a second issue in this case, namely whether there were sufficient contacts to support personal jurisdiction over the defendant Harvey Spizz under Section 48.193, Florida Statutes (1985). The trial court below concluded that the activities of the defendant Spizz, a resident of New York state, did not sufficiently come within the purview of this statute to support personal jurisdiction over Spizz. We disagree. There are sufficient allegations in the complaint to establish that the defendant Spizz committed a tort in Florida in this case, to wit: a libel, to support personal jurisdiction over him under Section 48.193(l)(b), Florida Statutes (1985).
We, accordingly, grant Spizz’s motion for rehearing, address the personal jurisdictional issue as to Spizz on rehearing, reverse the order dismissing the instant complaint for lack of personal jurisdiction over the defendant Harvey W. Spizz, and remand the cause to the trial court for further proceedings.
Rehearing granted; reversed and remanded.